WRIGHT, J.
delivered the opinion of the court. It seems clear to us that power is not conferred upon the mayor of Cincinnati by the 10th section of the act incorporating that city, to take acknowledgment of deeds. When the general assembly speak of civil and criminal cases, we understand them to employ legal terms in their 2811 *legal sense, and to describe suits at law. A civil case is a suit at law to redress the violation of some contract, or to repair some injury to property or to the person or personal rights of individuals — a criminal case, is a public prosecution for a crime or a misdemeanor. In such case the mayor of Cincinnati was authorized to exercise the same powers as justices of the peace. The authority does not embrace any other case, act or .duty of a justice. The case in 2 O. 212, does not bear on the question. The deed cannot be received as an operative conveyance. If the plaintiff wishes to use it as a license to enter or for any other purpose, that may raise another question.
Verdict for the defendant. Motion for a new trial reserved to the Court in Bank.
The Court in Bank divided on the question of the authority of the mayor to take the acknowledgment of the deed. Judges Sitchcoclc and Wright being of opinion the mayor had no power; Judges Collett and Lane being of the opinion he had. Judgment was rendered on the verdict.